UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KYLE R. BLEDSOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00212-TWP-TAB |
| | ) | |
| DOUG COX, | ) | |
| DUANE BURGESS, | ) | |
| EVANS, | ) | |
| BUTCHER, | ) | |
| KENDALL, | ) | |
| GEORGE, | ) | |
| BAHNOLZER, | ) | |
| MCDANIELS, | ) | |
| HESS, | ) | |
| RANSDELL, | ) | |
| DRIVER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Filing of Amended Complaint**

**I. Screening Standard**

Plaintiff Kyle R. Bledsoe is a prisoner currently incarcerated at the Johnson County Jail. Because the plaintiff is a "prisoner" this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint. This statute requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

To state a cognizable claim under the federal notice pleading system, the complaint must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and

(2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Dismissal of Complaint

Mr. Bledsoe states that the defendants have subjected him to sexual orientation discrimination and hazing in violation of his Eighth Amendment rights. He offers no factual allegations in support of these claims. Thus, there is no indication what action any defendant took or failed to take that Mr. Bledsoe believes violated his constitutional rights. This is necessary because "[i]ndividual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Accordingly, there is no factual basis upon which the court

can draw the reasonable inference that any defendant is liable for any misconduct and the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

### III. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through February 20, 2019,** in which **to file an amended complaint.**

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what injury the plaintiff claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 1:19-cv-00212-TWP-TAB and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above. The defendants are not required to file a responsive pleading until after the amended complaint is screened.

**IT IS SO ORDERED.**

Date: 1/28/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KYLE R. BLEDSOE
279453
JOHNSON COUNTY JAIL
P.O. Box 609
Franklin, IN 46131

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Daniel Joseph Layden
WILLIAMS BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com